IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **LISA CASEY (KISER),** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MICHAEL FRANCIS,** *et al.*, )<br>)<br>**Defendant.** ) | Civil Action No. 5:19-00839 |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action without prejudice.

### PROCEDURE AND FACTS

On November 22, 2019, the Court filed what it construed as a letter-form Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document No. 1.) As Defendants, Plaintiff appeared to name the following: (1) Michael Francis, Superintendent of Southern Regional Jail; and (2) PrimeCare Medical of West Virginia, Inc. (Id.) By Order entered on November 26, 2019, the undersigned provisionally granted Plaintiff *in forma pauperis* status by Order entered on November 26, 2019. (Document No. 3.) The undersigned directed Plaintiff to either (1) pay the filing and administrative fee totaling $400, or (2) file an Application to Proceed Without Prepayment of Fees or Costs by December 30, 2019. (Id.) The undersigned directed Defendants to produce to the Court, and to Plaintiff, a copy of Plaintiff's medical records that were in Defendants' possession by December 11, 2019. (Id.) On December 10, 2019, PrimeCare

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Medical filed a "Notice of Plaintiff's Current Disposition." (Document No. 7.) PrimeCare advised that Plaintiff was no longer incarcerated at the Southern Regional Jail. (Id.) Specifically, PrimeCare explained as follows (Id.):

> Plaintiff, Lisa Casey (Kiser), a federal prisoner in transit, has been transferred out of the Southern Regional Jail and is currently incarcerated at Oklahoma City Federal Transfer Center. However, the undersigned has been advised there is no way to determine how long she will be held at that facility and while she is detained at that facility, she will not be permitted to receive a package as large as the 852 pages of medical records the Court has ordered PrimeCare to send her.

(Id.) By Proposed Findings and Recommendations ("PF&R") entered on December 11, 2019, the undersigned recommended that Plaintiff's Complaint challenging the conditions of her confinement and requesting injunctive relief be dismissed as moot based upon her transfer to a different institution. (Document No. 8.) On December 23, 2019 and January 27, 2020, Plaintiff filed letter-form Motion to Amend Complaint stating that she wished to amend her Complaint to request monetary damages. (Document Nos. 10 and 13.) By Order entered on January 28, 2020, United States District Judge Frank W. Volk referred the matter back to the undersigned for a revised PF&R in light of the motions to amend filed by Plaintiff. (Document No. 14.) By Order entered on February 5, 2020, the undersigned granted Plaintiff's Motions to Amend. (Document No. 15.) The undersigned further directed that "Defendants produce to Plaintiff a copy of Plaintiff's medical records that were in Defendants' possession by February 26, 2020 [and] Plaintiff shall file her Amend Complaint on or before March 26, 2020." (Id.)

On February 20, 2020, Defendants filed a "Notice of Production of Medical Records to Plaintiff." (Document No. 16.) On March 13, 2020, Plaintiff filed a Motion to Compel. (Document No. 17.) In her Motion, Plaintiff acknowledged she received notice that the medical records were mailed by Defendants. (Id.) Plaintiff, however, stated that she has not received the

medical records. (Id.) Plaintiff alleged that prison staff at FCI Aliceville were refusing to provide her access to the above documents. (Id.) Finally, Plaintiff stated that prison officials would not complete the necessary portion of the Application to Proceed Without Prepayment of Fees. (Id.) Plaintiff stated that she "turned in the papers for trust fund to fill out regarding my 6-month deposits to Counselor Jenkins, and no one seems to know where this is." (Id.) By Order entered on March 25, 2020, the undersigned directed the Warden of FCI Aliceville to file a Response to Plaintiff's Motion to Compel on or before May 4, 2020. (Document No. 18.) The undersigned further directed the officer at FCI Aliceville having responsibility for administering prisoner accounts to complete the Certificate portion at the end of the Application to Proceed Without Prepayment of Fees, make arrangement for Plaintiff to complete the remaining portion of the Application, and return such to this Court on or before May 4, 2020. (Id.)

On May 4, 2020, Plaintiff notified the Court that "as of this date, no one has brought me any forms to fill out for my account, per your Court Order." (Document No. 19.) By Order entered on May 20, 2020, the Court directed the United States Marshal Service ("USMS") to serve upon the Warden of FCI Aliceville a certified copy of the undersigned's Order entered on March 25, 2020 (Document No. 18). (Document No. 20.) The undersigned further directed the Warden of FCI Aliceville to comply with the Court's March 25, 2020 Order (Document No. 18) forthwith. (Id.) The Return of Service was filed by the USMS on July 13, 2020, indicating that service was executed upon the Warden of FCI Aliceville on July 1, 2020. (Document No. 23.)

On October 22, 2020, the Warden of FCI Aliceville, by counsel, Assistant United States Attorney Jason S. Bailey, filed his Response to Plaintiff's Motion to Compel. (Document No. 24.) AUSA Bailey represented that the Warden had provided all available medical records to

Plaintiff. (Id.) AUSA Bailey further stated that the appropriate official at FCI Aliceville completed the Certificate portion of an IFP Application and such was forwarded to Plaintiff at her new address. (Id.) AUSA Bailey noted that Plaintiff was no longer in BOP custody. (Id.) In support, AUSA Bailey attached the Declaration of Joshua Robles, Consolidated Legal Center Supervisory Attorney for the BOP. (Document No. 24-1, pp. 1 - 3.) By Order enter on October 27, 2020, the undersigned denied Plaintiff's Motion to Compel as moot. (Document No. 26.) Specifically, the undersigned determined that the Warden of FCI Aliceville had provided Plaintiff with a copy of all available medical records within its possession, including all third party, civilian medical records. (Id.) The undersigned further directed Plaintiff to "file her Amended Complaint and completed Application to Proceed *in Forma Pauperis*[2] on or before November 24, 2020." (Id.)

On November 30, 2020, Plaintiff filed her Application to Proceed Without Prepayment of Fees and Amended Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983[3] and to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[4] (Document Nos. 28 and 29.) As Defendants, Plaintiff

---

[2] Since Plaintiff is no longer incarcerated, it is unnecessary that the "Certification" section of the Application to Proceed *in Forma Pauperis* be completed.

[3] Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Social Services*, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

[4] A *Bivens* action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *See also Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending *Bivens* to Eighth Amendment claims); *Davis v. Passman*, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending *Bivens* to allow citizen's recovery of damages resulting

named the following: (1) Southern Regional Jail; (2) PrimeCare Medical of W. Va.; and (3) Alderson Federal Prison Staff and Employees. (Document No. 29.) Following screening of Plaintiff's case, the undersigned entered an Order on December 1, 2020, directing Plaintiff to file an Amended Complaint by January 4, 2021. (Document No. 30.) Specifically, the undersigned directed Plaintiff to amend her Complaint to name "persons" as defendants, specifically set forth her constitutional claims, and state specific facts as to how each defendant violated her constitutional rights. (Id.) The undersigned further notified Plaintiff that failure to comply with the above requirements by January 4, 2021, "will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.) On June 17, 2021, Plaintiff filed an additional Application to Proceed with Prepayment of Fees and a copy of her medical records. (Document Nos. 31 and 33.) Plaintiff, however, has not filed her Amended Complaint, or responded to the Court's Order that was entered more than nine months ago.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[5] See

---

from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A *Bivens* action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability.

[5] Rule 41(b) of the Federal Rules of Civil Procedure provides:
    **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to

5

Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular

---

dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for her lack of participation. Except for her recent filing of an additional Application to Proceed Without Prepayment of Fees and a copy of her medical records, Plaintiff has done absolutely nothing to demonstrate an interest in prosecuting this action since November 30, 2020. (Document No. 29, 31 - 33.) Plaintiff failed to file her Amended Complaint despite her receipt of the Court's Order dated December 1, 2020. (Document No. 30.) The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of her neglect. The undersigned notes that Plaintiff was release from BOP custody on September 4, 2020. Thus, the undersigned concludes that Plaintiff is solely responsible for her lack of participation in the instant action.

Consideration of the second factor reveals no prejudice to the Defendant. Since Plaintiff has failed to file her Amended Complaint as directed by undersigned on December 1, 2020, no defendant has been served with process in the above case. With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory. Plaintiff, however, completely failed to respond to this Court's Order that was entered more than nine months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third]

factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as a *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Court's Order directing Plaintiff to file an Amended Complaint by January 4, 2021.[6] In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice[7] unless Plaintiff is able to show good cause for her failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Amended Complaint (Document No. 29) without prejudice, **DENY as moot** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document Nos. 28 and 31), and remove this matter from the Court's docket.

---

[6] The undersigned notes that it is Plaintiff's obligation to notify the Court of any change of address or other contact information. L.R. Civ. P. 83.5("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.").

[7] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." The undersigned recommends dismissal without prejudice because there is no evidence that Plaintiff acted "deliberately" in his failure to prosecute or that Plaintiff initiated this action in bad faith. *See Hanshaw*, 2014 WL 4063828, at * 5.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and counsel of record.

Date: September 21, 2021.



Omar J. Aboulhosn
United States Magistrate Judge